KIN WAH KUNG
4411 Elaiso Common
Fremont, CA 94536-5626
Phone: 415-637-8146
Email: garykung@prodigy.net

*Plaintiff In Pro Per*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| KIN WAH KUNG<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, NATIONAL ASSOCIATION,<br><br>Defendant. | Case Number: CV 16 3814<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEFS** |

## COMPLAINT

Plaintiff, Kin Wah Kung ("Plaintiff") brings this complaint against Defendant Citibank, National Association ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

2. Venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(b)(2).

## INTRADISTRICT ASSIGNMENT

3.     The events giving rise to the Plaintiff's cause of action occurred in Alameda County, California.

## PARTIES

4.     Plaintiff is an individual, who, at all relevant times during the events alleged herein, resided in the City of Fremont, Alameda County, California.

5.     Defendant is a federally chartered national bank pursuant to the National Bank Act, with the principal office located at the City of Sioux Falls, Minnehaha County, South Dakota.

## STATEMENT OF FACTS

6.     The purpose of Truth in Lending Act, as amended ("TILA"), codified as 15 U.S.C. § 1601 et seq., is "assure a meaningful disclosure of credit terms…avoid the uninformed use of credit…protect the consumer against inaccurate and unfair credit billing and credit card practices." *See* 15 U.S.C. § 1601(a).

7.     Pursuant to 15 U.S.C. § 1637(i)(1), subject to certain exceptions, a creditor must provide a written notice of an increase in an annual percentage rate ("APR") at least 45 days before the effective date of such increase,

8.     In September 2001, Defendant opened a credit card account ending with 2951 ("Subject Account"). For years, Plaintiff has been used the subject account for balance transfer exclusively. As a result, Plaintiff does not review its monthly billing statements unless necessary and simply make the payment accordingly to Defendant's deadline.

9.     On June 20, 2016, while maintaining Plaintiff's self-created financial record, Plaintiff discovered that the subject account's APR has increased to 28.99% as of its May 2016 billing statement. Unaware of such increase, a complaint against Defendant was filed with the Consumer Financial Protection Bureau ("CPFB") same day regarding such increase (Case number: 160620-000046).

Complaint for Damages, Declaratory and Injunctive Reliefs

1  10.  On June 28, 2016, Defendant responded to the CPFB's complaint regarding the APR increase, in verbatim as follow:

> "In regard to your Citi Simplicity Cash Card account, our records reflect your payment due by May 23, 2015 was not received until May 26, 2015. As a result, your May 2015 statement reflected a message explaining that you triggered the variable penalty APR of 28.99%. This change only applied to transactions made on or after June 17, 2015. Any purchases made before June 17, 2015 remained subject to your standard variable purchase rate of Prime + 7.99% (11.49%). A copy of your May 2015 statement is enclosed for your review. Your account does not qualify for a lower APR at this time."

This response effectively completed CPFB's complaint.

11.  On July 1, 2016, Plaintiff has made a final attempt to seek Defendant for corrective actions, which Defendant once again denied Plaintiff's request citing the same reason as mentioned in its response to the CPFB's complaint.

12.  Despite Plaintiff's good faith in resolving the issue, Defendant has disregarded its legal obligations under TILA and Plaintiff's demand, the intervention of this Court is required to settle such claim.

## CAUSE OF ACTION

### I.  CIVIL LIABILITY (15 U.S.C. § 1640(a)(2)(A)(i))

13.  Plaintiff realleges, adopts, and incorporates by reference paragraphs 1 through 12 above as though fully set forth herein.

14.  Pursuant to 15 U.S.C. § 1637(i)(1), if Defendant wished to increase the APR for the subject account, Defendant must provide a written notice to Plaintiff regarding the increase.

1  In addition, pursuant to 15 U.S.C. § 1637(i)(1), if Defendant wished to increase the APR for the
2  subject account, Defendant must provide such notice at least 45 days before the effective date of
3  such increase.

4  15.  Defendant's purported APR increase did not fall within the exceptions as allowed
5  by 15 U.S.C. § 1637(i)(1). Defendant did not provide a written notice to Plaintiff for the APR
6  increase as mandated by 15 U.S.C. § 1637(i)(1). In addition, as liberally construed, Defendant's
7  purported written notice was given 25 days prior to the APR increase, rather than 45 days as
8  mandated by 15 U.S.C. § 1637(i)(1).

9  16.  As a result of Defendant's unlawful act, Plaintiff has suffered, continues to suffer,
10  and will suffer future damages, in an amount to be determined by this Court.

## RESERVATION OF ADDITIONAL CAUSES

13  17.  Plaintiff reserves his right to assert additional causes of action in the event that
14  they would be appropriate.

15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //

Complaint for Damages, Declaratory and Injunctive Reliefs

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A judicial declaration that Defendant has violated TILA.
2. Preliminarily and/or permanently enjoin Defendant from enforcing the APR increase and restoring the APR to status quo for the subject account.
3. On First Cause of Action (Civil Liability):
    a. i. Actual damages as determined by this Court; or
       ii. Statutory damages as determined by this Court; and
    b. Punitive damages as determined by this Court;
4. For costs of this suit incurred herein.
5. For other such further reliefs as this Court may deem just and proper.

DATED: July 1, 2016

Respectfully submitted,

/s/ Kin Wah Kung
KIN WAH KUNG
*Plaintiff In Pro Per*

Complaint for Damages, Declaratory and Injunctive Reliefs