IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TROY BACKUS, on behalf of himself
and all others similarly situated,

    Plaintiff,

  v.

CONAGRA FOODS, INC.,

    Defendant.

No. C 16-00454 WHA

**ORDER DENYING MOTION TO DISMISS**

## INTRODUCTION

In this putative class action regarding trans-fat, defendant moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). A prior order dismissed several claims pursuant to Rule 12(b)(6). For the reasons stated below, the motion to dismiss the remaining claim pursuant to Rule 12(b)(1) is **DENIED**.

## STATEMENT

A prior order (1) dismissed all claims except for one mislabeling claim and (2) permitted limited discovery into the basis for plaintiff's Article III standing (Dkt. No. 44). As to the remaining mislabeling claim, plaintiff alleges that a "healthy lifestyle" label on Fleischmann's margarine products violates various laws, including California Business and Professions Code Section 17200. Plaintiff seeks to represent a class of consumers who purchased Fleischmann's margarine products on or after January 1, 2008.

The following undisputed facts emerged from the limited discovery ordered by the Court. Plaintiff purchased and consumed Fleischmann's margarine products starting over a decade ago (Backus Dep. at 65; Backus Decl. ¶ 1). Plaintiff thought that the label "maintaining a healthy lifestyle" meant that Fleischmann's margarine was a healthy product (Backus Dep. at 120).

Plaintiff's understanding of the health consequences of trans-fat evolved over time. Starting in the late 1990s or early 2000s, plaintiff "had heard" that trans-fat might "be bad or have some health consequences" (*id.* at 101). By the time plaintiff filed another lawsuit based on trans-fat in April 30, 2015, plaintiff believed that there was no safe level of trans-fat (*id.* at 133).

Plaintiff admits that he has not been diagnosed with any of the diseases described in the amended complaint (Backus Decl. ¶ 7).

Both parties filed supplemental briefs regarding the issue of Article III standing.

**ANALYSIS**

To establish standing, a plaintiff must show: "(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008).

Here, plaintiff began buying the product over a decade ago. He asserts he was misled by the "healthy lifestyle" label on the margarine products. At the very least, plaintiff has established a financial injury from purchasing a product in reliance on the misleading "healthy lifestyle" label. Therefore, plaintiff has standing to assert his mislabeling claims.

**CONCLUSION**

For the reasons stated below, the motion to dismiss the remaining claim is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 3, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2