IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIN WAH KUNG,

    Plaintiff,

  v.

CITIBANK, N. A.,

    Defendant.

No. C 16-03814 WHA

**ORDER GRANTING MOTION TO DISMISS**

### INTRODUCTION

In this TILA action, which plaintiff is prosecuting pro se, defendant moves to dismiss. For the reasons stated herein, the motion to dismiss is **GRANTED**.

### STATEMENT

In 2001, plaintiff opened a credit card with defendant Citibank N.A. ("Citi") (FAC ¶ 8). Sometime prior to 2009, plaintiff consented to receiving electronic statements from Citi. As a result, Citi sends plaintiff an electronic notification each month in lieu of a hard-copy statement. The electronic notification includes a link to Citi's website, where plaintiff can access his monthly statements electronically (*id.* ¶ 10).

In May of 2015, Citi notified plaintiff via his monthly statement that his APR would increase to 28.99 percent (*id.* ¶ 19). Plaintiff did not learn of the impending increase until June of 2016. Plaintiff now argues that Citi did not meet its obligations under the Truth in Lending Act (TILA) because it provided the notice in his monthly statement and not in "a separate written notice" (FAC ¶ 19).

In his second amended complaint, plaintiff concedes that "[a] further review of periodic statements between May 27, 2015 to May 26, 2016 revealed that none of Plaintiff's outstanding balance is subject to the Penalty APR" (SAC ¶ 20). At the hearing, plaintiff also conceded that he has not ever been charged the penalty APR.

This order follows full briefing and oral argument.

## ANALYSIS

This order concludes that plaintiff does not have standing to pursue this claim. To establish standing, a plaintiff must show that he or she suffered an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 1548 (2016). In *Spokeo*, the Supreme Court emphasized that "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1550.

Here, plaintiff concedes that he has *not* been charged the penalty APR. Rather, he seeks statutory damages for a hypothetical injury. This order concludes that plaintiff, who at the hearing confessed to having brought 20 to 30 other lawsuits, has not established an injury that is concrete and particularized. Therefore, he lacks standing to assert his claim.

Given the fact pattern here, which was explored at the hearing, amendment would be futile. Therefore, the motion to dismiss is **GRANTED** without leave to amend.

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss is **GRANTED**.

Plaintiff's next step, if he chooses to pursue this case, will be to appeal to our court of appeals.

**IT IS SO ORDERED.**

Dated: October 3, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2